CORN PRODUCTS REFINING CO. v. CHICAGO REAL ESTATE LOAN & TRUST CO.

(Circuit Court of Appeals, Seventh Circuit.   January 3, 1911.)

No. 1,703.

1. APPEAL AND ERROR (§ 709*)—RECORD—CONTENTS.

Where an appeal was taken from an order with reference to costs in a suit in equity, entered at the foot of the decree after hearing, but the transcript did not contain the proceedings on the hearing, either in a certificate of evidence or any other form, and the decree was not included, but only memorandum opinions filed by the trial judge at various stages of the hearing, it was insufficient to authorize a reversal, unless reversible error was manifest in the terms or subject-matter of the order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2949; Dec. Dig. § 709.*]

2. APPEAL AND ERROR (§ 936*)—ORDER WITH REFERENCE TO COSTS—PRESUMP-TIONS.

An order with reference to costs in equity recited three several allowances, one in favor of appellant and two stated to be allowed in favor of appellee as complainant, submitted for apportionment under the decree as reserved; one of the last-mentioned items being referred to as "costs in the Circuit Court of Appeals, as appears in its mandate," and "due to complainant for the benefit of the appellants named in the appeal." Held that, in the absence of a showing to the contrary, the matter was subject to the controlling presumptions that the parties affected were before the court, that support appeared for the finding in reference to the costs of appeal, in the mandate, that they were "due to the complainant for the benefit of the appellants," and that the apportionment so made was equitable as between the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3782-3787;  Dec. Dig. § 936.*]

3. COSTS (§ 241*)—RIGHT TO COSTS—AWARD.

Costs awarded to individuals, as appellants on an appeal from an order enjoining them as representatives of a corporation from further prosecuting a pending suit of the corporation against another, could not be diverted and apportioned in favor of the corporation, not joined in the appeal, without their consent or submission on the hearing, but could properly be so diverted and apportioned, where it appeared that such individuals of their own motion applied for the apportionment, which was made for the equitable purpose of uniting the costs on one side in an offset allowed against costs awarded on the other side.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 927-935;  Dec. Dig. § 241.*]

4. APPEAL AND ERROR (§ 1189*)—COSTS—MANDATE—EXECUTION FROM CIRCUIT COURT.

Rev. St. § 701. provides that the Supreme Court may affirm, modify, or reverse any judgment, decree, or order of the Circuit Court or District Court acting as a Circuit Court, etc., but that the Supreme Court shall not issue execution in a case removed before it from such courts, but shall send a special mandate to the inferior court to award execution thereon. Held, that where, on appeal to the Circuit Court of Appeals, the bill of costs was taxed by the clerk and annexed to the mandate as required by Circuit Court of Appeals rule 29 (5), 150 Fed. cviii, 79 C. C. A. cviii, the mandate was sufficient, both for incorporation of the costs in the order with reference to costs in the Circuit Court and for the issuance

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of execution out of the Circuit Court for the collection of the residue after a set-off.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4644; Dec. Dig. § 1189.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Chicago Real Estate Loan & Trust Company against the Corn Products Refining Company and others. From an order with reference to costs, the defendant named appeals. Affirmed.

This appeal is from an "order and decree of February 12, 1910," in the suit of Chicago Real Estate Loan & Trust Company, complainant, against the Corn Products Refining Company et al., which reads: "The question of costs having been reserved for further consideration by the decree herein made June 30, 1909, and it appearing that the costs properly allowable to defendants upon the dismissal of this suit are fifty dollars and forty cents, and that the costs properly allowable in this court to complainant for clerk's fees and transcript on appeal are one hundred eighty dollars and twenty cents, and that the costs in the Circuit Court of Appeals, as appears in its mandate, are five hundred sixty-six dollars and sixty-five cents, also allowable to complainant, making in all seven hundred forty-six dollars and eighty-five cents, and leaving a net sum of six hundred ninety-six dollars and forty-five cents after deducting said sum of fifty dollars and forty cents, due to complainant for the benefit of the appellants named in the appeal from the injunction of December 13, 1907. It is therefore ordered that complainant is entitled to recover from the defendant Corn Products Refining Company the said sum of six hundred and ninety-six dollars and forty-five cents and that the clerk do enter at the foot of said decree the following: 'Further decreed that complainant, Chicago Real Estate Loan & Trust Company, recover of the defendant Corn Products Refining Company the sum of six hundred ninety-six dollars and forty-five cents, and that it have execution therefor, pursuant to the order of February 12, 1910.' "

Levy Mayer, for appellant.
William J. Ammen, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). In this appeal reversal is sought of an order of the Circuit Court in a matter of costs, in a suit in equity of the appellee against the appellant, which order recites that such matter was "reserved for further consideration by the decree herein made June 30, 1909." It directs an entry "at the foot of said decree" for recovery of $696.45 against the defendant-appellant (being for costs thereby apportioned), and that execution issue therefor. The transcript of record embraces a copy of the order appealed from, but the proceedings upon such hearing and allowance are not preserved therein, either in a certificate of evidence or other form; nor is the above-mentioned decree of June 30, 1909, included in the record, although proceedings prior thereto (to be referred to) are exhibited. Two papers are also certified therewith, designated as "Suggestions as to Costs," appearing to be memorandum opinions, filed by the trial judge, at one and another stage of the hearing in question; but neither of these papers purports to be a certificate of evidence, and we do not understand that opinions thus

filed (and certified under the rule of this court) can serve for presentation of reviewable matter. We believe, therefore, that no ground for reversal appears, unless reviewable error is manifest in the terms or subject-matter of the order. The mandate of this court, upon a prior appeal in the suit, in reference to the costs on such appeal, is mentioned in the order as authority for costs included in the allowance; and the mandate and "bill of costs" filed therewith are certified in the transcript and may rightly be considered as read into the order.

The several assignments of error are resolved and discussed by counsel for appellant under two propositions: (1) That the costs allowed by this court on the above-mentioned appeal, which were included in the order, accrued in favor of George F. Harding and three other persons named as appellants therein, and not in favor of the present appellee corporation, so that allowance thereof in the instant case was erroneous; (2) that "the Circuit Court has no power to direct the issuance of an execution for costs in the Circuit Court of Appeals."

1. The order recites three several allowances of costs—one in favor of the appellant and two stated to be allowable in favor of the appellee, as complainant—submitted for apportionment under the decree as reserved; and one of the last-mentioned items is described as "costs in the Circuit Court of Appeals, as appears in its mandate," and "due to complainant for the benefit of the appellants named in the appeal." Whether appealable subject-matter arises under these allowances of costs, as counsel for appellant contends, we do not determine, for the reason that no disturbance thereof is authorized, as we believe, either from the terms of the order or of the mandate upon which error is assigned. The order is invested with the presumptions that the parties affected thereby were before the court; that support appeared for the finding, in reference to the costs of appeal in the mandate, that they were "due to the complainant for the benefit of the appellants" therein; and that the apportionment so made was equitable, as between all the parties. Until rebutted by evidence of record, we believe these presumptions are controlling, so that the contention for review rests on the terms of the mandate, which shows that the item of costs on appeal referred to accrued in favor of Harding and other persons named as appellants, in their appeal from an order enjoining them, as representatives of the present appellee corporation, from further prosecution of the pending suit of such corporation against the present appellant.

Undoubtedly costs so awarded in favor of such appellants were not subject to diversion and apportionment in favor of their principal (complainant in the suit), not joined in the appeal, without their consent or submission upon hearing. On their motion or submission, however, such substitution and allowance in the apportionment of costs in the case is both equitable (presumptively) and binding upon such parties to the hearing; and if it be assumed that the above-mentioned presumptions are neither applicable nor sufficient to uphold the ruling, their motion for "an order in this cause settling all questions of or relating to costs between them and the defendants" and

submission to the ruling are established of record below, by a supplemental transcript, filed by the appellee on leave of this court. It thus appears affirmatively that the parties named in the mandate applied for the apportionment and that their motion was taken under advisement pending the decision in question. The apportionment, therefore, was plainly made for the equitable purpose of uniting the costs on the one side, for the benefit of the defendant (appellant) in the offset allowed, was effective for discharge of its liability for either amount so united, upon payment thereunder, and the complaints thereof are unfounded.

2. The order directs, as well, that the complainant have execution for recovery of the costs; and it is contended that the Circuit Court was without power to thus enforce the costs awarded on appeal, although such power to enforce its own awards is neither questioned nor questionable. We believe this contention to be untenable, under the mandate referred to, for recovery of costs of the appeal. The bill thereof, as taxed by the clerk, was annexed to the mandate—in conformity with rule 29 (5) of this court (150 Fed. cviii, 79 C. C. A. cviii) and the well-settled practice thereunder—for enforcement below, as we understand the import, pursuant to section 701, Rev. St. Thus the mandate was sufficient, both for incorporation of such costs in the order and for execution to issue for the residue, although the mandate does not expressly direct either of these courses. Undoubtedly it was assumed, in framing the above-mentioned rule, that no direction was needful therein upon the method of enforcement, in the event of nonpayment of such costs, leaving the common means of execution to be adopted, if required. We are impressed with no view under which either rule or mandate (with the bill of costs so annexed) can have other meaning; but, question thereof appearing to have arisen, the rule has been amended to state in terms the direction to award execution.

We are of opinion, therefore, that error is not well assigned for this appeal, and the order of the Circuit Court is affirmed.