### UNDERFEED STOKER CO. OF AMERICA v. WESTINGHOUSE MACH. CO.

(District Court, W. D. Pennsylvania. April 29, 1914.)

No. 17.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FURNACE.
  The Daley patent, No. 644,664, for an underfeed furnace, *held* valid and infringed, on a motion for preliminary injunction.

·In Equity. Suit by the Underfeed Stoker Company of America against the Westinghouse Machine Company. On motion for preliminary injunction. Granted.

Fish, Richardson, Herrick & Neave, of New York City, and Christy & Christy, of Pittsburgh, Pa., for plaintiff.

Jonathan S. Green, of East Pittsburgh, Pa., and Thomas B. Kerr, of New York City, for defendant.

ORR, District Judge. In this patent litigation the complainant has moved for a· preliminary injunction to restrain the defendant and those acting for and in behalf of the latter from infringing letters patent of the United States No. 644,664, issued March 6, 1900, to Fred A. Daley for a furnace. The Daley patent has been sustained as valid in several cases. In Underfeed Stoker Co. of America v. American Ship Windlass Co., 185 Fed. 65, 77, Judge Brown, sitting in the Circuit Court for the District of Rhode Island, held that the patent was valid and infringed by United States patent No. 782,862, issued to E. E. Taylor June 20, 1905. The patent in suit was also considered in American Stoker Co. v. Underfeed Stoker Co. of America, 182 Fed. 642, 652, by Judge Young, sitting in this court, whose decision was sustained upon appeal by the Circuit Court of Appeals for this circuit in 188 Fed. 314, 110 C. C. A. 292. The patent in suit was also held valid by Judge Brown, sitting in the District Court for Massachusetts in Underfeed Stoker Co. of America v. Riley, 207

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Fed. 963. A consideration of the opinions in each of the said cases, as well as a consideration of the several patents and affidavits introduced upon the hearing of the motion now before the court, has satisfied this court that the patent is valid and should be sustained with respect to its several claims, which are as follows:

"1. In a furnace, the combination with a fire-box, of an elongated horizontally disposed fuel-retort, dead-plates upon each side of the retort, said retort and dead-plates serving to afford a sealed space beneath the fire-box and retort, twyer openings provided along the longitudinal sides of the retort and affording communication between the fire-box and the space beneath the same, and means for forcing air under pressure into the space beneath the fire-box, substantially as described.

"2. In a furnace, an imperforate fuel-bearing surface and a retort, dividing the furnace into a fire-box and an air-chamber, the retort being provided with twyer openings or passages for establishing communication between the air-chamber and the fire-box, and means for conveying air under pressure to the air-chamber, substantially as described.

"3. In a furnace, the combination with a fuel-retort of a fuel-supporting means alongside of the retort, said means and retort separating the furnace into a fire-box and an air-chamber, the retort being provided with twyer openings or passages for establishing communication between the air-chamber and the fire-box, and means for conveying air into and maintaining it under pressure in the air-chamber, substantially as described.

"4. In a furnace, the combination with a fuel-bearing plate, and a fuel-retort dividing the furnace into a fire-box and an air-chamber, the retort being provided with twyer openings or passages for establishing communication between the air-chamber and the fire-box, and means for conveying air into and maintaining it under pressure in the air-chamber, substantially as described.

"5. In a mechanical stoker, the combination with fuel-bearing plates and an elongated fuel-retort, the said retort being located between the plates and serving therewith to divide the furnace into a fire-box and an air-chamber, the retort being provided with twyer openings or passages for establishing communication between the air-chamber and the fire-box, means for conveying air into and maintaining it under pressure in the air-chamber, and means for forcing fuel into the retort, substantially as described.

"6. In a mechanical stoker, the combination with imperforate fuel-bearing plates and an elongated retort, the said retort being located between the plates and serving therewith to divide the furnace into a fire-box and an air-chamber, the retort being provided with twyer openings or passages for establishing communication between the air-chamber and the fire-box, means for conveying air under pressure to the air-chamber, and means for forcing fuel into the retort, substantially as described."

In applying those claims to the apparatus manufactured by the defendant, there must be kept in mind certain portions at least of the specifications of the patent to which each of the claims makes reference. The inventor says:

"The furnace constructed in accordance with the preferred embodiment of my invention employs side dead-plates which are imperforate, or sufficiently so to maintain the air forced into the air-chamber beneath the side fuel supports under pressure, so that the air will be forced in jets directly from the air-chamber through the twyer openings into the retort. I do not wish, however, to be limited to a construction in which the side fuel-supporting means along the upper edges of the fuel-retort are perfectly imperforate."

And as well also:

"I do not wish to be limited in all embodiments of my invention to the employment of imperforate dead-plates. While I have shown my invention in

its application to certain forms of boilers and embodied in a certain mechanical structure, I wish it to be understood that I do not intend to limit it in its application or details of construction to the precise forms shown."

While the furnace shown in the drawings of the patent in suit is a horizontal furnace, and the furnace of the defendant is a furnace extending downwardly from the front to the back at an angle of about 20 degrees, such difference is not worthy of consideration. While the drawings of the patent indicate but one retort, and the apparatus of the defendant is composed of a number of retorts side by side, such differences need not be considered in the disposition of this case. On each side of each retort of the defendant's apparatus there are fuel-supporting surfaces or dead-plates, upon which rest the ashes or fuel in an advanced stage of combustion. The fuel-retorts in the defendant's apparatus are not quite horizontal, but the introduction of the fuel therein forces it above the top of the retort upon the dead-plates on either side. The air is forced by pressure into the space underneath the dead-plates on either side of the fuel-retort. It enters into the furnace and into the fuel through openings from the space below the dead-plates or fuel-retort along the sides of the fuel-retort at or near the top thereof.

But it is said the fuel-supporting means, otherwise known as dead-plates, as found in the defendant's apparatus, are not imperforate. It is clear that they are sufficiently so for all purposes, and within the meaning of that word as used by Daley in his patent. The furnace of the defendant is remarkably like the furnace of the Taylor patent above mentioned. Certain openings for the passage of air from the air-chamber underneath the fuel supports are changed in form and slightly in location, but not sufficient to distinguish the furnace of the defendant from the Riley furnace, save in the matter of certain small openings directly upon the upper surface of the dead-plates. But these openings on the surface of the dead-plates and the other openings must not be held to render the dead-plates of the defendant's furnace wholly insufficient "to maintain the air forced into the air-chamber beneath the side fuel supports under pressure."

Being satisfied that the patent in suit is valid, and that the furnace of the defendant is within the claims of that patent, it necessarily follows that the plaintiff is entitled to relief. A preliminary injunction should issue.

Let the proper order be presented.